Melvin ALFORD, Petitioner–Appellant,

v.

Anthony J. BRIGANO, Warden, Respondent–Appellee.

No. 01–3475.

United States Court of Appeals, Sixth Circuit.

May 22, 2003.

Before GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

PER CURIAM.

Petitioner-appellant. Melvin Alford, appeals from the dismissal of his *habeas* petition filed pursuant to 28 U.S.C. § 2254. This Court issued a certificate of appealability as to only one issue: whether Alford was denied due process when the trial court refused to allow Alford to withdraw his plea of guilty. Alford claims he should have been allowed to withdraw his guilty plea because he did not understand that it could result in consecutive sentences. After reviewing the record, the arguments, and the applicable law, we affirm.

## I.

On August 9, 1996, Alford pleaded guilty in the common pleas court in Lake County, Ohio, to kidnaping, felonious assault, and aggravated burglary with a firearm specification. In making his due process argument. Alford relies on the following discussion that occurred early in the plea hearing:

THE COURT: Has your attorney promised you a specific sentence in this case?

THE DEFENDANT: Not really.

THE COURT: Well, what do you mean, "Not really"?

THE DEFENDANT: He said five to twenty-five I could get off this sentence.

THE COURT: Well, that's correct. Anything else? Did he say anything else?

THE DEFENDANT: No, sir.

The trial court explained several times the sentencing range of the offenses stated in the indictment. After the last explanation, the trial court directed Alford to read and then review the written plea of guilty with his attorney. The following discussion then occurred between Alford and the trial court:

THE DEFENDANT: So I can get—I have a question. I can get all this time?

THE COURT: You can get the—you can get the straight time on each sentence, or you can get consecutive time. Is that what you mean? That's where you add up everything.

THE DEFENDANT: Yeah, I guess it all ran together.

THE COURT: Yeah, you can have that.

The judge can decide to give you the sentence on Count Three, and then add that to the sentence on Count Four, and he can add that to the sentence on Count Six, and add them all up together.

So he can do it that way, or the judge can give you one sentence and make everything concurrent, and that would mean that you would only serve one sentence.

MR. QUINN: All run at the same time, though.

THE COURT: So either of two ways; either I can run it all at the same—at

the same time, or add them all together, all the three sentences together.

MR. QUINN: Do you understand?

Alford then signed the written plea of guilty. After once again explaining the sentencing ranges of the offenses to which Alford was pleading guilty, the trial court accepted his plea. A sentencing hearing was held on September 11, 1996. When asked to make his statement, Alford said that he wanted to withdraw his plea "due to the fact that I was—I wasn't in my right set of mind, and I think I could be successful at beating this because it just doesn't add up." When asked to explain what Alford did not understand when he entered his guilty plea, Alford responded: "As far as, like, time-wise, you can give me a substantial amount of time for this, you know. And I'd rather—I'd rather go down fighting it instead of just pleading guilty to something that I know I didn't do." The trial court denied Alford's motion to withdraw his guilty plea and sentenced him to consecutive terms of ten to twenty years on the kidnaping conviction, six to fifteen years on the felonious assault conviction, eight to twenty-five years on the aggravated robbery conviction, and three years on the aggravated burglary firearm specification.

On March 2, 1998, Alford appealed to the Ohio Court of Appeals and argued, among other things, that the guilty plea was the result of sentence confusion. The Ohio Court of Appeals affirmed his convictions. It concluded that the trial court had clarified any confusion that may have existed regarding the possible sentencing ranges and had informed Alford that he could receive consecutive sentences. Alford then appealed to the Ohio Supreme Court, which, on January 19, 2000, declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.

The petition for writ of *habeas corpus* was filed in this case on June 27, 2000. With respect to the issue under consideration in this appeal, the magistrate found that Alford's plea transcript demonstrated that the trial court had accurately explained to Alford the potential sentences that could result from his guilty plea. On February 15, 2001, the district court adopted the magistrate's report and recommendation and dismissed the petition finding "as evidenced by the transcript of proceedings from the change of plea hearing, the Judge, at length, described the possible sentences and petitioner stated that he understood the court's explanation." This appeal followed.

## II.

We review the district court's denial of a *habeas* petition *de novo. Fair v. United States,* 157 F.3d 427 (6th Cir.1998). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a federal court may not grant a writ of *habeas corpus* to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable application of federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*

*v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under this standard, a state court decision is not unreasonable simply because the federal court concludes that the state decision is erroneous or incorrect. *Id.* at 411. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Id.* at 410–12. Factual findings by state courts are presumed correct. 28 U.S.C. § 2254(e)(1).

A voluntary and intelligent plea of guilty made by a defendant under advice of competent counsel may not be collaterally attacked. *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). A guilty plea can be challenged as not voluntary and intelligent under the Due Process Clause if the defendant is not fully apprised of the consequences of the plea. *Id.* at 509.

Alford argues that he was not fully apprised of the consequences of his plea, and indeed was affirmatively misled by the trial court, when the trial court responded "that's correct" after Alford said his attorney stated that Alford could get five to twenty-five "off this sentence." Alford claims that even though the trial court outlined the potential sentencing range of each offense, it never corrected his impression that there was an agreement between the court and his attorney that he would receive a sentence ranging from five to twenty-five years. Rather than referring to a sentencing range, however, Alford's statement just as easily can be interpreted as referring to the sentence reduction he actually received for his guilty plea. In return for his plea, the government did not pursue prosecution on five other counts in the indictment. A conviction on three of those counts could have resulted in sentences of five to twenty-five years on each count. His plea, therefore, resulted in a reduction of five to twenty-five "off" his total sentence for each of these counts.

Even accepting Alford's construction of his statement, this brief exchange that occurred at the beginning of the plea hearing cannot be considered in isolation. After the trial court had repeatedly described the possible sentencing ranges for the counts in the indictment and the counts to which Alford was pleading guilty, Alford specifically asked the trial court whether he "can get all this time?" The trial court then went to some length to explain the difference between concurrent and consecutive sentences and concluded by telling Alford: "[E]ither of two ways; *either I can run it all at the same—at the same time, or add them all together, all the three sentences together.*" (Emphasis added.) Alford, who completed two years of college education, then signed a written plea of guilty that unequivocally stated "I am voluntarily pleading guilty of my own free will and no inducement or promise has been made to me by the Prosecutor's Office, my counsel, the Court or any one else to secure my plea of guilty." On this record, we cannot conclude that the Ohio court's decision that any confusion which may have resulted from the early exchange was eliminated by the subsequent discussions was an objectively unreasonable application of federal law. The decision of the district court dismissing the petition is therefore **AFFIRMED.**